UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                      Plaintiff,<br>     v.<br><br>OFELIA AREGUIN, et al.,<br><br>                      Defendants. | Case No. 5:14-cv-03248-PSG<br><br>**ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED**<br><br>**(Re: Docket No. 1)** |

Pending on the docket is an unlawful detainer action removed from state court.[1] Although the pleadings assert this case belongs in federal court on the basis of both diversity and federal question jurisdiction,[2] neither basis is satisfied in this case. Because the court has not obtained the consent of the parties,[3] the case shall be reassigned with the recommendation that the case be remanded to state court for lack of subject matter jurisdiction.[4]

---

[1] As she is not a named defendant in the caption of the underlying case, movant Maria Elena Cohara's standing even to remove this case is unclear. *See* Docket No. 1-1.

[2] *See id.* at ¶ 3 ("This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.").

[3] *See* 28 U.S.C. § 636(c).

1

Case No. 5:14-cv-03248-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED

First, at least one of the removing parties is a California resident.[5]  Because Cohara resides in California, removal of Defendants' state court case on the basis of diversity is not an available avenue to federal court.[6]

Second, although Defendants suggest that this case may be removed on the basis of federal question jurisdiction, this is not so.[7]  Plaintiff Federal National Mortgage Association's complaint does not, on its face, raise a federal question.  FNMA "states a single unlawful detainer claim, which falls outside federal question jurisdiction."[8]

---

[4] This court is ordering reassignment to a district judge because, absent consent of all parties, the undersigned magistrate does not have the authority to make case-dispositive rulings.  *See Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988); *see also JPMorgan Chase Bank, Nat. Ass'n v. Chavez*, Case No. 5:11-cv-05129-PSG, 2011 WL 6760349, at *1 n.3 (N.D. Cal. Dec. 5, 2011).

This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings.  *See* 28 U.S.C. § 636(c)(1); *Tripati v. Rison*, 847 F.2d 548, 548–49 (9th Cir. 1988).  The Ninth Circuit has left open the question of whether a remand to state court is a "pretrial matter" which may be referred to a magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A).  *See Nasca v. Peoplesoft*, 160 F.3d 578, 580 n.3 (9th Cir. 1998) ("We express no opinion regarding [the magistrate judge's] authority [to remand the case] had the matter been referred under 28 U.S.C. § 636(b).")).  It nonetheless appears that all other appellate courts that have addressed the issue have found that remand is not merely a pretrial matter. *See, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (finding that a remand order is the "functional equivalent" of an order of dismissal for purposes of 28 U.S.C. § 636(b)(1)(A)).  Accordingly, out of an abundance of caution, the court proceeds by way of a recommendation and reassignment order.

[5] *See* Docket No. 1 at ¶ 6 ("Defendant, Maria Elena Cohara is an individual and resident of Salinas California. Defendant, Maria Elena Cohara is an individual and resident of Monterey County California, by her signature on this Notice, all Defendants who have been served consent and cone to this removal notice.").

[6] *See* 28 U.S.C. § 1441(b)(2) ("(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Contreras v. MTC Fin. Inc.*, Case No. 5:10-cv-05836-LHK, 2010 WL 5441950, at *1 (N.D. Cal. Dec. 28, 2010) (Pursuant "to 28 U.S.C. § 1441(b), a defendant who is a state resident cannot remove based on diversity to a federal court in his state of residence.").

[7] *See* Docket No. 1 at ¶ 3; Docket No. 1-3.

[8] *Aurora Loan Servs., LLC v. Trevor*, Case No. 11-cv-07279-MMM-JCGX, 2011 WL 6178828, at *4 (C.D. Cal. Dec. 12, 2011)  (citing *IndyMac Federal Bank, F.S.B. v. Ocampo,* Case No. EDCV-09–2337-PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* Case No. 5:09-cv-05985-HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park,* Case

2
Case No. 5:14-cv-03248-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED

In sum, because removal was not warranted and subject matter jurisdiction is absent, the undersigned recommends the case be remanded.

**IT IS SO ORDERED.**

Dated: July 18, 2014

                                                _____
                                                PAUL S. GREWAL
                                                United States Magistrate Judge

---

No. EDCV-09–1660-PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists")).

Case No. 5:14-cv-03248-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED