Kayo Manson-Tompkins (SBN 136476)
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Telephone: (949) 720-9200
Fax: (949) 608-0129
kayo.manson-tompkins@wolffirm.com

Attorneys for FEDERAL NATIONAL MORTGAGE ASSOCIATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>vs.<br><br>OFELIA AREGUIN, et al. | Case No.: 5:14-cv-03248<br>Assigned for all Purposes to: Hon. Lucy Koh<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND**<br><br>[Filed Concurrently with Declaration of Kayo Manson-Tompkins in Support of Plaintiff Motion for Remand; [Proposed] Order; Certificate of Service]<br><br>DATE:     December 18, 2014<br>TIME:     1:30 p.m.<br>COURTROOM: 8 |

YOU ARE HEREBY NOTIFIED THAT ON December 18, 2014 at 1:30 p.m., in Courtroom 8 of the United States District Court, Northern District of California located at 280 South 1st Street, CA 95113, Plaintiff FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Plaintiff"), will move this Court for

an Order remanding this California State Court unlawful detainer action back to the Monterey County Superior Court and awarding sanctions against Defendant MARIA ELENA COHARA.

This Motion is based on this Notice, the Declaration of Kayo Manson-Tompkins, the Memorandum of Points and Authorities served herewith, the records and files in United States District Court Case No. 5:14-cv-03248 and such other and further evidence and authority as may later be submitted in support of this Motion.

The Motion for Remand is based on the following grounds:

1. Defendant Maria Elena Cohara ("Defendant Cohara") has filed this Notice of Removal based on a claim that this Court has jurisdiction pursuant to United States Code, Title 28, sections 1332, 1441(a), and 1446.

2. Defendant Cohara alleges, in error, that this Court has jurisdiction over this matter based on "Complete Diversity of Citizenship."

3. California Law governs this Unlawful Detainer Action;

4. Defendant Cohara is a resident of the County of Monterey, State of California and will not suffer prejudice if the Superior Court in Monterey County decides the issues presented in the Unlawful Detainer Action;

5. The Unlawful Action concerns a parcel of real property (the "Property") located in the County of Monterey, State of California with a

- 2 -
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND

497-10580

common address of 348 Chardonnay Drive, Salinas, CA 93906 ("subject property"). The Superior Court in Monterey County is the proper jurisdiction to determine the limited issues presented by the Unlawful Detainer Action as to which Defendant Cohara has sought removal; and

6. Defendant has the burden of proof in opposing this Motion;

7. The Request for an Award of Attorneys Fees, Costs and Sanctions is based on the following grounds:

    a. The foreclosure sale occurred on December 23, 2013;

    b. Since the foreclosure sale, Defendant Cohara has resided in the Property for more than eight (8) months, without making any mortgage or rent payments to Plaintiff;

    c. On February 20, 2014, Plaintiff filed its Verified Complaint for Unlawful Detainer, naming former owner Maria Ochoa a.k.a. Maria Elena Cohara.  (Monterey County Superior Court, Case No. M126758.)

    d. In March 2014, alleged tenant Ofelia Areguin contacted Plaintiff's counsel and claimed that she was the *sole* occupant of the subject property.

    e. On March 25, 2014, Plaintiff dismissed Monterey County Superior Court, Case No. M126758 without prejudice.

f. On May 29, 2014, Plaintiff filed its Verified Complaint for Unlawful Detainer.  (Monterey County Superior Court, Case No. M127983.)

g. On June 3, 2014, Plaintiff served the Summons and Complaint in Case No. M127983.

h. On June 10, 2014, Defendant Maria Elena Cohara (a.k.a. former owner Maria Ochoa) filed a Prejudgment Claim of Right of Possession in Case No. M127983.

i. On the same day, Defendant Maria Elena Cohara (a.k.a. former owner Maria Ochoa) filed a demurrer to Plaintiff's Complaint, which was overruled.

j. On July 10, 2014, Defendant Maria Elena Cohara filed her Answer in the Unlawful Detainer Action (Case No. M127983).

k. On July 11, 2014, Defendant Maria Elena Cohara filed another copy of the same Answer in the Unlawful Detainer Action (Case No. M127983).

l. On July 18, 2014, Defendant Maria Elena Cohara filed a Notice of Removal to Federal Court under 28 U.S.C. sections 1332, 1441(a), and 1446 in order to further delay the eviction process.  (United States District Court, Northern District, Case No. Case No.:  5:14-cv-03248.)

m. On July 18, 2014, the Federal Court issued a recommendation that this matter be remanded back to the Superior Court because: (1) Defendant Cohara is a resident of the State of California, thereby defeating diversity jurisdiction, and (2) no federal question is raised on the face of Plaintiff's Complaint. (*See* Court's Docket, item no. 4.)

n. To date, no order has been issued by this Court remanding this matter back to the Superior Court.   Therefore, this Motion for Remand follows.

o. Defendant's removal of this unlawful detainer action is a bad faith maneuver and abuse of this Court's processes in an attempt to continue her free ride in possession of the Property. Defendant is attempting to stall a lawful eviction action as to which she has no defense. Thus, it is respectfully submitted that sanctions should be imposed under Rule 11.

Dated: September 11, 2014          THE WOLF FIRM

By  */s/ Kayo Manson-Tompkins*
Kayo Manson-Tompkins
Attorneys for Plaintiff,
FEDERAL NATIONAL MORTGAGE ASSOCIATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Plaintiff"), owner of the real property commonly described as 348 Chardonnay Drive, Salinas, CA 93906 (the "Property") files the following Memorandum of Points and Authorities in Support of its Application to Remand this action back to the Superior Court and its Request for an Award of Sanctions.

## II. STATEMENT OF FACTS

Plaintiff is the purchaser of the real property located at 348 Chardonnay Drive, Salinas, CA 93906 at a trustee's sale, sold in accordance with California Civil Code Section 2924. Plaintiff's title under the trustee's sale has been duly perfected. (Declaration of Kayo Manson-Tompkins ("Manson-Tompkins Decl."), ¶3; *see* Exhibit "1" to Plaintiff's Complaint for Unlawful Detainer (*See* Docket, item no. 1, Attachment No. 1.) ) Defendant Maria Elena Cohara is the former owner of the subject property, who lost the Property at a foreclosure sale on December 23, 2013 due to her failure to make her mortgage payments. (Manson-Tompkins Decl., ¶4.)

On February 13, 2014, after title was duly perfect, Plaintiff served its Notice to Quit on Defendants Maria Ochoa (a.k.a. Maria Elena Cohara) and

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND

497-10580

all Unknown Occupants. (Manson-Tompkins Decl., ¶5; *see* Notice to Quit, which is attached as Exhibit "2" to Plaintiff's Complaint for Unlawful Detainer (*See* Docket, item no. 1, Attachment No. 1).)

On February 20, 2014, Plaintiff filed its Complaint for Unlawful Detainer, naming Defendant Maria Ochoa (a.k.a. Maria Elena Cohara), and Does 1 through 10. (Monterey County Superior Court, Case No. M126758.) In March 2014, Plaintiff learned that the subject property is occupied by tenant Ofelia Areguin, not the former owner. (Manson-Tompkins Decl., ¶6.) On March 25, 2014, Plaintiff dismissed Case No. M126758 without prejudice. (Manson-Tompkins Decl., ¶7.)

On May 29, 2014, Plaintiff filed its Complaint for Unlawful Detainer, naming Defendant Ofelia Areguin and Does 1 through 10. (Monterey County Superior Court, Case No. M127983.) (Manson-Tompkins Decl., ¶8.) On June 10, 2014, Defendant Maria Elena Cohara (a.k.a. former owner Maria Ochoa) filed a Prejudgment Claim of Right of Possession in Case No. M127983. (Manson-Tompkins Decl., ¶9) On the same day, Defendant Maria Elena Cohara (a.k.a. former owner Maria Ochoa) filed her Demurrer in response to Plaintiff's Complaint. (Manson-Tompkins Decl., ¶10) The Demurrer of Defendant Maria Elena Cohara (a.k.a. former owner Maria Ochoa) was heard on July 7, 2014. (Manson-Tompkins Decl., ¶11) The Court denied Defendant's Demurrer and ordered her to file an answer within

1  five (5) days. (Manson-Tompkins Decl., ¶12.)

2  On July 10, 2014 and July 11, 2014, Defendant Maria Elena Cohara filed two separate and identical Answers to Plaintiff's Complaint for Unlawful Detainer.  (Manson-Tompkins Decl., ¶13; *see* Docket, item no. 1; Attachment No. 2.)   On July 18, 2014, Defendant Maria Elena Cohara filed her Notice of Removal of the Unlawful Detainer action to the federal court. (Manson-Tompkins Decl., ¶14; *See* Docket, item no. 1.)  On July 18, 2014, Judge Paul S. Grewal ordered that this case be reassigned to another judge.  (Manson-Tompkins Decl., ¶15; *see* Docket, item no. 4.)   Judge Grewal also issued a recommendation that this case be remanded to the state court for lack of subject matter jurisdiction.  (Manson-Tompkins Decl., ¶16; *see* Docket, item no. 4.)   To date, this matter has not been remanded back to the Superior Court.  (Manson-Tompkins Decl., ¶17.)  As discussed in greater detail below, removing this unlawful detainer action to the federal court is yet another delay tactic by Defendant in postpone this eviction.

///

///

///

///

///

///

///

- 8 -
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND

497-10580

## III. ARGUMENT

### A. This Unlawful Detainer Action Should Be Remanded Back to the Monterey County Superior Court.

#### 1. Defendant Maria Elena Cohara Has The Burden of Proof In Opposing This Application.

As the party seeking removal, the burden is on Defendant Cohara to establish that grounds exist for the removal. (See *Lockyer v. Dynegy* (9th Cir. 2004) 375 F3d 831, 838.) There is a strong presumption against removal jurisdiction and removal should be rejected "if there is any doubt as to the right to removal in the first instance." (*Gaus v. Miles, Inc.* (9th Cir.1992) 980 F2d 564, 566.)

Here, as discussed in greater detail below, Defendant has failed to meet her burden. It is respectfully submitted that removal should be rejected in this matter and this matter should be remanded back to the Superior Court of Monterey County.

#### 2. Defendant Cohara is Citizen of the State Where Plaintiff filed the Unlawful Detainer Action and May Not Remove this Case to Federal Court Based on Diversity of Citizenship.

Pursuant to 28 USC section 1441, a civil action that is otherwise removable based on diversity jurisdiction under section 1332 "may not be

removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (28 USC § 1441(b)(2).)

Here, Defendant is a citizen of the State of California and resident of the County of Monterey.  Plaintiff's Complaint for Unlawful Detainer was filed in the Monterey County Superior Court, State of California.  Therefore, Defendant is a citizen of the State in which the action was brought and may not remove this case to federal court.

Courts have held that removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. (*Lively v. Wild Oats Mkts., Inc.* (9th Cir. Cal. 2006) 456 F.3d 933, 940;  *Skranak v. Castenada* (9th Cir. 2005) 425 F.3d 1213.)  The purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant.   The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. (*See Skranak v. Castenada* (9th Cir. 2005) 425 F.3d 1213, 1216 (holding that jurisdictional bars cannot be waived by the parties and may be addressed sua sponte.).

Here, Defendant Maria Elena Cohara is a citizen of the State of California, where the Unlawful Detainer action was originally filed.  Moreover, Defendant is a resident of the County where the Superior Court

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND

497-10580

action was filed.  Thus, there is **no possible prejudice** to Defendant, which is the critical requirement for diversity jurisdiction.  As such, this Court should remand this matter back to the Monterey County Superior Court.

## II. AN AWARD OF SANCTIONS IS APPROPRIATE AND NECESSARY IN THIS ACTION

Courts have held that the filing of a removal for purposes of delay and without proper foundation is improper and not only sanctionable under Rule 11 but possibly unethical. (See *Ruhrgas AG v. Marathon Oil Co* (1999)  526 US 574, 588 ; *McKinney v. Board of Trustee of Maryland Comm. College* (1992) 955 F 2d 924, 928; *Standridge v. Wal-Mart Stores, Inc*. (ND GA 1996) 945 F Supp 252, 254.)

In the instant matter, Defendant Cohara filed a frivolous notice of removal. Defendant's attempt to remove this unlawful detainer action to federal court is nothing more than another bad faith maneuver and abuse of Court processes to continue to have a free ride in her possession of the Property and stall a lawful eviction action.

It is respectfully submitted that this Court put an end to this flagrant abuse of the Court processes by imposing sanctions against Defendant.

///

///

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND

497-10580

## III. <u>CONCLUSION</u>

Based upon the foregoing argument and authority, it is respectfully requested that this Motion be granted as prayed, the Unlawful Detainer Action be remanded back to Superior Court, and that the sanctions be awarded to Plaintiff.

Dated: September 11, 2014    THE WOLF FIRM

By */s/ Kayo Manson-Tompkins*
Kayo Manson-Tompkins
Attorneys for Plaintiff,
FEDERAL NATIONAL MORTGATE ASSOCIATION